## Case No. 657.

### AULTMAN v. JONES.

[1 Woolw. 99.][1]

Circuit Court, D. Minnesota. June Term, 1865.

WHEN AN AGENT TO SELL ON CREDIT, TAKING A MORTGAGE, MAY BID IN, AND HOLD THE PROPERTY AGAINST HIS PRINCIPALS.

1. An agent to sell property on credit, taking a mortgage to secure the deferred payments, is not thereby authorized to foreclose the mortgage.

2. He can buy the property in, on the foreclosure, for himself, and hold it, only when so expressly authorized by his principals.

3. If he be so authorized, and so bids in the property in his own name, he does so for the benefit of his principals. He is liable to them for the amount which he may have realized on a sale of the property by him. But he should be allowed his costs, and the expenses of the foreclosure sale and re-sale.

At law. This was a writ of error to the district court for Minnesota. The plaintiffs were manufacturers of threshing and reaping machines. They had employed the defendant as their agent to sell their machines. Under their instructions, he had sold certain of them partly on credit, taking, to secure the deferred payments, mortgages on the machines sold. These mortgages empowered the plaintiffs, or their agents or assigns, to take possession of the property, and foreclose them by sale, if default should be made in the payment of any instalment of the purchase money secured thereby. The defendant foreclosed several of these mortgages, bid in the machines in his own name,

and sold them again for prices averaging about four times his bid. On demand, he refused to account for more than his bids. The plaintiffs brought assumpsit for the recovery of the amounts realized by the defendant on the re-sale of the machines by him. To this the defendant pleaded the general issue, with notice of special matter. The cause was tried to a jury. On the trial, testimony was introduced, tending to show a special authority in the defendant to foreclose the mortgage and bid the property in for his own benefit. This was denied by the plaintiffs.

Mr. Lamprey, for plaintiffs.

Mr. Otis, for defendant.

Before MILLER, Circuit Justice, and NELSON, District Judge.

MILLER, Circuit Justice, (charging the jury.) There are in this case two principal matters of dispute, which must be settled by you as the foundation of your verdict.

1. Had the defendant any authority to foreclose the mortgages, which have been offered in evidence?

If you find that he had not, then he has wrongfully possessed himself of the plaintiffs' property, and is liable to them for the value of the machines.

2. If you find that he had authority to foreclose these mortgages, you will next inquire whether he was authorized by an express agreement to buy in for himself the property which he was thus authorized to sell.

If you find that he was authorized by the plaintiffs to act at the sales both as seller for them, and buyer for himself, then he is liable to the plaintiffs for the amounts bid by him, subject to a deduction of all sums paid on such bids, and the necessary costs and expenses of foreclosure paid by him. He is not entitled to compensation for personal services.

If you find that he was authorized to foreclose the mortgages, but was not authorized to bid in the property for himself, then the purchases must be considered as made for the benefit of the plaintiffs. The defendant must be treated as their agent in making the purchases, and in afterwards selling them again. As he has refused, on demand, to account as agent, or to pay to the plaintiffs the money and notes which he received from sales of the machines, he is liable to the plaintiffs for the amount for which they were sold. But if he is held as agent, he is entitled to the sums which he has paid on his bids, a reasonable compensation for his services in foreclosing and re-selling, and the expenses incident to both these sales. These sums should be deducted from the sums realized by him from the sales to third parties.

The verdict of the jury was founded on the latter hypothesis. Judgment for the plaintiffs.

---

[1] [Reported by James M. Woolworth, Esq., and here reprinted by permission.]

AULTMAN & TAYLOR MANUF'G CO., (SAWYER v.) See Case No. 12,397.